[968 NYS2d 394]

In the Matter of JAMES E. O'HARE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 17, 2013

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*James E. O'Hare*, Staten Island, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated January 17, 2012. Following a hearing held on May 8, 2012, the Special Referee sustained the single charge in the petition. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and appropriate. The respondent opposes the motion. Although he does not dispute the underlying facts, the respondent contends that the evidence does not establish that he violated the Rules of Professional Conduct. Should the Court confirm the report, he asks that his suspension be lifted and that he be privately reprimanded.

Charge one alleges that the respondent is guilty of professional misconduct in that he has been convicted of a serious crime, in violation of rule 8.4 (b) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). On March 16, 2011, in the Criminal Court of the City of New York, Richmond County, the respondent pleaded guilty to attempted aggravated harassment, in violation of Penal Law §§ 110.00 and 240.30, a class B misdemeanor. He was sentenced to a one-year conditional discharge, and a full order of protection was issued against him.

The underlying facts, which are undisputed, are as follows: the respondent, using the Internet, went to a dating site for lesbians and created a sham posting by impersonating a woman whom he knew years ago; he used both his home and work computers for this activity. The respondent was aware that the sham posting would likely cause embarrassment to the woman, who was a mother of three.

Based on the uncontroverted evidence and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In mitigation, the respondent, who previously served in the United States Army Reserves and in active military service for a total of 28 years, introduced seven awards he received for meritorious service, including a Bronze Star for his services as a Staff Judge Advocate in Iraq. The respondent testified that he was deeply ashamed of his behavior, which he acknowledged was "inexcusable." The respondent pointed out that the woman was not a client and suffered no bodily or financial harm. The respondent called a psychotherapist, who testified that the respondent suffered from an adjustment disorder, maladaptive at times. The psychotherapist opined that there was little likelihood of recurrence as the respondent had sought therapy and had since gained insight into his behavior. Finally, the respondent submitted several letters attesting to his good character and service in the military.

The respondent has no prior disciplinary history.

Notwithstanding the aforementioned mitigating circumstances, we note that the respondent's conduct was highly inappropriate and adversely reflects on the legal profession.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year with credit for the time elapsed under the interim order of suspension, with leave to apply for reinstatement immediately.

ENG, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, James E. O'Hare, is suspended from the practice of law for a period of one year, with credit for the time elapsed under the interim order of suspension, continuing until further order of the Court, with leave to apply for reinstatement immediately upon furnishing satisfactory proof that, during the said period, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11

(c), and (4) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, James E. O'Hare, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, James E. O'Hare, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).